UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT SALAZAR,

                Plaintiff,                        Case No. 16-cv-12674

v                                          Honorable Thomas L. Ludington

HARBOR FREIGHT TOOLS, USA, INC., et al.,

                Defendants.

_____/

## ORDER GRANTING DEFENDANT HARBOR FREIGHT'S AMENDED MOTION TO DISMISS, DENYING HARBOR FREIGHT'S ORIGINAL MOTION TO DISMISS AS MOOT, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND, AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

On July 19, 2016 Plaintiff Robert Salazar initiated the above-captioned diversity action by filing his complaint against Defendants Harbor Freight Tools USA, Inc., and Defendant Bada Mechanical. *See* Compl. ECF No. 2.  Plaintiff alleges that he was injured by a malfunctioning electrical hoist that he purchased from Defendant Harbor Freight, which was manufactured by Defendant Bada. Compl. ¶ 6-17.  He therefore asserts one count of negligent manufacturing and design against Defendant Bada and one count of negligent sale and distribution against Defendant Harbor Freight. Compl. ¶¶ 18-25.

On August 29, 2016 Defendant Harbor Freight filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 7.  Harbor Freight then filed an amended motion to dismiss on August 31, 2016.  In both motions, Harbor Freight contends that Plaintiff has not satisfied the requirements for asserting a products liability action against a non-manufacturing seller as set forth in Michigan Compiled Law 600.2947.  *See* Def.'s Amend. Mot. Dismiss, ECF No 9.  In response Plaintiff Salazar has moved to amend his complaint. *See* Pl.'s

Mot Amend, ECF No. 13.  For the reasons stated below, Defendant Harbor Freight's motion to dismiss will be granted and Plaintiff's motion to amend will be granted in part and denied in part.

**I.**

Plaintiff Robert Salazar is a resident of the City of Alger, located within Alger County, Michigan. *See* Compl. ¶ 1.  Defendant Harbor Freight is a foreign corporation that does business in several counties in the state of Michigan. *Id*. at ¶ 2.  Defendant Bada is a foreign corporation operating out of mainland China that manufactures certain parts and equipment for Harbor Freight's HaulMaster line of products. *Id*. at ¶ 3.

On May 6, 2014 Plaintiff Salazar purchased an electrical hoist from Defendant Harbor Freight's HaulMaster line, designated as Item 60344-47. *Id*. at ¶ 6. The hoist was allegedly manufactured by Defendant Bada and sold and distributed by Defendant Harbour Freight. *Id*. at ¶ 10.  It was represented that the hoist had the capacity to lift up to 1,300 pounds.  *Id*. at ¶ 13. Plaintiff purchased the hoist from a Harbor Fright store located in Saginaw, Michigan, for a purchase price of $120.00. *Id*. at ¶¶ 6-7. He intended to use the hoist for a vertical valet, or "dumb waiter," and so used the device one or two times without incident. *Id*. at ¶¶ 8-9.

The events giving rise to this lawsuit occurred on June 7, 2014.  *Id*. at ¶ 4. On that date, Plaintiff loaded an air compressor and a number of chairs on the dumb waiter, together weighing approximately 250 pounds, and activated the Hoist.  *Id*. at 11-12. When the dumb waiter reached the top of the hoist the cable broke, causing the waiter to fall and strike Plaintiff Salazar despite his efforts to avoid the falling waiter. *Id*. at ¶ 14.  As a result Plaintiff sustained serious injuries, including a left distal tibia fracture that required surgery. *Id*. at ¶ 15.

Plaintiff initiated suit against Defendants on July 19, 2016. In his complaint, Plaintiff alleges that the accident was caused by a manufacturing defect in the hoist cable.  Specifically, Plaintiff alleges

> the free end section of the cable adjacent to the ferrule swaying the free end of the cable to the work section of the cable is kinked.  Furthermore the working section of the cable under the ferrule was cut.  The kink and cut sections of the cable allowed and caused the break and the free fall of the vertical dumb waiter on June 7, 2014.

*Id*. at ¶ 17.  Count one of Plaintiff's complaint asserts negligent design and manufacturing by Defendant Bada.  *Id*. at ¶¶ 18-22.  Count two of Plaintiff's complaint asserts negligent sale and distribution by Defendant Harbor Freight. *Id*. at ¶¶ 23-25.

Defendant Harbor Freight was served on August 8, 2016.  *See* ECF No. 6.  On September 22, 2016 Plaintiff filed a motion to extend the time to serve the complaint on Defendant Bada pursuant to the Hague Convention outline regarding service on Chinese companies. *See* ECF No. 11. Plaintiff's request was granted.  *See* ECF No. 14.   As of this date service has not been executed on Defendant Bada.

## II.

Because Plaintiff Salazar's proposed amendment is somewhat dependent upon his existing claims, Defendant Harbor Freight's motion to dismiss will be addressed first.   A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).  In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert*, 517 F.3d at 439. The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 (quotations and citation omitted).

## A.

Plaintiff's negligent sale and distribution claim against Defendant Harbor Freight is based on allegations that Harbor Freight failed to do the following: (1) failed to inspect the hoist, particularly to inspect the cable for kinks, cuts, or other damage; (2) failed to monitor the unsafe hoist when it left the manufacturer; and (3) failed to inspect or perform testing prior to the sale of the hoist. *See* Compl. ¶ 24.

Under Michigan Compiled Law § 600.2947, a non-manufacturing seller may only be held liable for a plaintiff's injuries in a product liability action where:

> (a) The seller failed to exercise reasonable care, including breach of any implied warranty, with respect to the product and that failure was a proximate cause of the person's injuries.

> (b) The seller made an express warranty as to the product, the product failed to conform to the warranty, and the failure to conform to the warranty was a proximate cause of the person's harm.

*See* Mich. Comp. Law § 600.2947(6). In essence, the statute stands for the proposition that a non-manufacturing seller will not be strictly liable for injuries caused by a defective product. Instead, a plaintiff must establish that the seller breached some independent duty to the injured party or breached the terms of an express warranty.

Defendant Harbor Freight – a non-manufacturing seller – argues that Plaintiff has not stated a claim falling within either of these categories. Count II of Plaintiff's original complaint

- 4 -

asserts a claim of negligence against Defendant Harbor Freight, and thus implicates the first category.   Therefore, to survive a motion to dismiss, Plaintiff must allege that Defendant Harbor Freight breached a duty to Plaintiff Salazar and that the breach was a proximate cause of his injuries.

In support of his claim that Defendant Harbor Freight was independently negligent, Plaintiff argues that Defendant Harbor Freight breached its duties to inspect, test, and monitor the defective hoist.  Under Michigan law a seller "owes a duty to warn or inspect a product if he has reason to know or can readily ascertain that it was defective." *Stachurski v. K Mart Corp*., 447 N.W.2d 830, 832 (Mich. Ct. App. 1989). As a corollary, a seller has no duty to inspect or warn a plaintiff about any defect that is unknown or not readily ascertainable. *Id. See also Konstantinov v. Findlay Ford Lincoln Mercury*, 619 F. Supp. 2d 326, 332 (E.D. Mich. 2008) ("[a] seller has no duty to inspect a product unless the seller has reason to know that it is defective or the defect is readily ascertainable."); *Warner v. Gen. Motors Corp*., 357 N.W.2d 689, 693 (Mich. Ct. App. 1984) (holding that a seller has no duty to warn a plaintiff with regard to any defects that were hidden or unknown to the seller).

Plaintiff's original complaint does not allege that Defendant Harbor Freight knew of the alleged manufacturing defects or that the alleged defects were readily ascertainable.  Moreover, Plaintiff claims that he himself used the hoist one or two times without incident.  As such, Plaintiff has not established that Defendant Harbor Freight owed him any independent duty to inspect the hoist. His original complaint therefore does not state a claim against Defendant Harbor Freight.

**B.**

In response to Defendant Harbor Freight's motion to dismiss, Plaintiff has moved to amend his complaint. The proposed amended complaint restates Count II against Defendant Harbor Freight without any changes, but also seeks to add Count III, which is an allegation that Harbor Freight breached express warranties. *See* ECF No. 13-1.  Specifically, Plaintiff alleges that (1) Defendant breached a written warranty that the product would be free from defects in material and workmanship for a ninety day period from the date of purchase, and (2) Defendant breached an unspecified oral warranty regarding the hoist's performance made by Defendant's representative to induce Plaintiff to purchase the hoist. *Id*. at ¶¶ 27-31.

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal citations and quotations omitted). Factors that courts should consider when determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment…." *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973). "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 591 (6th Cir. 1990).

Defendant argues that Plaintiff's proposed amendment would be futile.[1] "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010) (internal

---

[1] In its response, Defendant includes a footnote arguing that Plaintiff's response to its motion to dismiss was untimely and should be stricken.  This argument will be disregarded, as this Court's practice guidelines clearly state that affirmative requests for relief may not be buried within the text of another motion.

citation and quotation marks omitted).  Each of Plaintiff's proposed arguments will be addressed in turn.

## A.

Plaintiff's first argument that Defendant breached an express warranty rests on a 90-day limited warranty included in the owner's manual and safety instructions for the hoist.  Plaintiff has not attached the manual or the warranty to its motion to amend.  Instead, inexplicably, Plaintiff has attached the manual to its response to Defendant's motion to dismiss.  Despite this confusion, the Court will address the substance of Plaintiff's argument.[2]

The 90-day limited warranty that Plaintiff received upon the purchase of the hoist provides as follows:

> Harbor Freight Tools Co. makes every effort to assure that its products meet high quality and durability standards, and warrants to the original purchaser that this product is free from defects in materials and workmanship for the period of 90 days from the date of purchase.  This warranty does not apply to damage due directly or indirectly, to misuse, abuse, negligence, or accidents, repairs or alteration outside our facilities, criminal activity, improper installation, normal wear and tear, or to lack of maintenance.  *We shall in no event be liable for death, injuries to persons or property, or for incidental, contingent, special or consequential damages arising from the use of our product*.  Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation of exclusion may not apply to you.  THIS WARRANTY IS EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THE WARRANTIES OF MERCHANTABILITY AND FITNESS.

> To take advantage of this warranty, the product or part must be returned to us with transportation charges prepaid.  Proof of purchase date and an explanation of the complaint must accompany the merchandise.  If our inspection verifies the defect, we will either repair or replace the product at our election or we may elect to refund the purchase price if we cannot readily and quickly provide you with a replacement.  We will return repaired products at our expense, but if we determine there is no defect, or that the defect resulted from causes not within the scope of our warranty, then you must bear the cost of returning the product.

---

[2] Defendant Harbor Freight argues, without legal support, that Plaintiff's attempt to amend his complaint in response to a motion to dismiss is improper.  To the contrary, motions to amend in response to motions to dismiss are standard, and even welcome under Rule 15(a)(2).

> This warranty gives you specific legal rights and you may also have other rights which vary from state to state.

*See* Owner's Manual p. 13, ECF No. 12-2 (italics added).  This warranty is expressly limited to the price of repairing or replacing the hoist.  It does not provide for damages in the event of personal injury.

While not cited by Plaintiff in his response, Michigan law limits the ability of contracting parties to limit or exclude certain remedies.  Specifically M.C.L. § 440.2719(a) provides that agreements

> may provide for remedies in addition to or in substitution for those provided in this article and may limit or alter the measure of damages recoverable under this article, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts.

*Id.*  Where a contract provides a remedy "resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy."  § 440.2719(b). The comment to this provision explains that the statute effectively "creates a presumption that clauses prescribing remedies are cumulative rather than exclusive" and any agreement to create a sole, exclusive remedy must be clearly expressed. *Id.* at cmt. 2. While consequential damages may be limited or excluded by contract, "[l]imitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not." § 440.2719(b)(3).

From the face of Plaintiff's complaint, it appears that his purchase of the hoist was a consumer purchase, and not a commercial purchase. Therefore, any limitation of consequential damages for his alleged personal injury is unconscionable and unenforceable. Therefore, Plaintiff's proposed claim for damages under the 90-day limited warranty is not futile under §

600.2947(b). Issues regarding causation, including the effect of Plaintiff's prior use of the hoist, will be addressed through discovery.[3]

### B.

Plaintiff also argues that Defendant's representative made representations regarding the hoist in order to induce Plaintiff to purchase the hoist. *See* Am. Compl. ¶ 30. In an affidavit submitted by Plaintiff (again attached to his response to Defendant's motion to dismiss and not attached to his motion to amend or to the proposed amended complaint), Plaintiff alleges that a representative informed him that the hoist at issue was specifically built for his intended use and was safe. However, as noted above, the 90-day limited warranty was expressly in lieu of all other express or implied warranties. *See* Owner's Manual p. 13, ECF No. 12-2.  Because Plaintiff has not argued that this exclusive remedy provision fails in its essential purpose or is otherwise unconscionable under § 2719(2), the alleged representation by Defendant Harbor Freight's representative may not form the basis of his breach of warranty claim under § 600.2947(b).

Plaintiff's motion to amend will therefore be granted in part and denied in part.  His motion will be granted to the extent he seeks to assert a breach of express warranty claim against Defendant Harbor Freight based on the 90-day limited warranty.  However, his motion will be denied to the extent he seeks to restate his implied warranty claim against Harbor Freight and seeks to state an express warranty claim based on the alleged representation of Defendant Harbor Freight's representatives.

### III.

---

[3] Defendant also briefly claims that Plaintiff's proposed amendment is futile because Plaintiff did not return the product for inspection as required under the warranty, and thus may not take advantage of the express warranty. This argument and its factual predicate are not sufficiently developed for the Court to address it at this time. Defendant is free to reassert this argument in a subsequent motion complete with full briefing.

Accordingly, it is **ORDERED** that Defendant Harbor Freight's amended motion to dismiss, ECF No. 9, is **GRANTED.**

It if further **ORDERED** that Defendant Harbor Freight's motion to dismiss, ECF No. 7, is **DENIED as moot.**

It is further **ORDERED** that Plaintiff's motion to amend, ECF No. 13, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is **DIRECTED** to file his amended complaint in conformity with this opinion on or before **December 2, 2016.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 18, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 18, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

---