UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT SALAZAR,

               Plaintiff,                        Case No. 16-cv-12674

v                                         Honorable Thomas L. Ludington

HARBOR FREIGHT TOOLS, USA, INC., et al.,

               Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On July 19, 2016 Plaintiff Robert Salazar initiated the above-captioned diversity action by filing his complaint against Defendants Harbor Freight Tools USA, Inc., and Defendant Bada Mechanical. *See* Compl. ECF No. 2. Plaintiff alleged that he was injured by a malfunctioning electrical hoist that he purchased from Defendant Harbor Freight, which was manufactured by Defendant Bada. Compl. ¶ 6-17. He therefore asserted one count of negligent manufacturing and design against Defendant Bada and one count of negligent sale and distribution against Defendant Harbor Freight. Compl. ¶¶ 18-25.

On August 29, 2016 Defendant Harbor Freight filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 7. Harbor Freight then filed an amended motion to dismiss on August 31, 2016. In both motions, Harbor Freight contended that Plaintiff had not satisfied the requirements for asserting a products liability action against a non-manufacturing seller as set forth in Michigan Compiled Law 600.2947. *See* Def.'s Amend. Mot. Dismiss, ECF No 9. In response Plaintiff Salazar moved to amend his complaint. *See* Pl.'s Mot Amend, ECF No. 17.

By an order dated November 18, 2016, Defendant Harbor Freight's motion to dismiss was granted and Plaintiff's motion to amend was granted in part and denied in part. Plaintiff's motion was denied to the extent he sought to restate his implied warranty claim against Harbor Freight and sought to state an express warranty claim based on the alleged representation of Defendant Harbor Freight's representatives. However, Plaintiff's motion was granted to the extent he sought to assert a breach of express warranty claim against Defendant Harbor Freight based on the 90-day limited warranty.  Taking all alleged facts in the light most favorable to the Plaintiff, the Court reasoned that the hoist could have been purchased for a consumer purchase, and therefore any elimination of consequential damages for personal injury would be unenforceable under M.C.L. 440.2719.  Plaintiff was directed to file an amended complaint "in conformity with [the Court's] opinion" on or before December 2, 2016.

On December 1, 2016 Plaintiff filed an amended complaint that did not comply with the Court order granting him leave to amend. *See* ECF No. 21.  Defendant Harbor Freight therefore filed a motion to strike the amended complaint and a motion to dismiss the amended complaint. *See* ECF Nos. 22, 23.  On December 20, 2016 Defendant's motion to strike was granted. Plaintiff filed a proper amended complaint on December 22, 2016. *See* ECF No. 26.

## I.

On December 2, 2016 Defendant Harbor Freight moved for reconsideration of the order granting in part and denying in part Plaintiff's motion to amend. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable,

manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997).

Defendant argues that the Court committed a palpable defect in finding that the face of Plaintiff's complaint suggested that the hoist could have been purchased for a consumer purpose. Instead, Defendant argues, the hoist is not a "Consumer Good" as defined by M.C.L. 440.9102(w) as "goods that are used or bought for use primarily for personal, family, or household purposes." Defendant argues that it did not previously raise this argument because M.C.L. 440.2719 was not cited by Plaintiff in any of his filings.[1] Plaintiff was directed to file a response.

In his response, Plaintiff argues that the Court properly assumed that the hoist was a "Consumer Good" for the purpose of a Rule 12(b)(6) motion to dismiss. Plaintiff argues that he did not allege that he was engaged in a trade or business related to the purchase of the hoist and that the hoist was exclusively used for household purposes. Because the Court did not commit any palpable defect in assuming for the purpose of a motion to dismiss that the hoist was used for a consumer purpose – particularly where Defendant Harbor Freight did not raise any such argument in its motion to dismiss – Defendant Harbor Freight's motion for reconsideration will be denied.

**II.**

Accordingly, it is **ORDERED** that Defendant Harbor Freight's motion for reconsideration, ECF No. 22, is **DENIED.**

---

[1] Defendant also argues that this Court erred in making a legal and factual finding that the hoist was purchased for a consumer purpose. The Court's finding in this regard was driven by the plausibility standard of review applied for purposes of Rule 12(b)(6) motions to dismiss and motions to amend, and was not intended to definitely resolve the issue. If and when the case proceeds to discovery the parties will be left to their proofs.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 4, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on January 4, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

---